1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDY FLETCHER MONTANO, | CASE NO. 3:24-cv-05850-DGE |
| Plaintiff, | ORDER ON MOTIONS TO DISMISS (DKT. NOS. 11, 17) |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF HEALTH et al., | |
| Defendants. | |

Presently before the Court are two motions to dismiss.  The first, filed by Defendants Spokane County Sheriff's Office and Spokane Sheriff's Deputy Daniel Moman ("Spokane County Defendants"), asks the Court to dismiss Plaintiff Sandy Fletcher Montano's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 11.)  The second, filed by Defendants TEGNA Inc. and King Broadcasting Co., doing business as Spokane television station KREM-2, and journalist Patrick Henkels ( "KREM-2 News Defendants"), asks the Court to dismiss Plaintiff's claims against them under Washington's Uniform Public

1   Expression and Protection Act ("UPEPA"). (Dkt. No. 17.) For the reasons set forth below, both

2   motions are GRANTED.

3                  **I.**       **FACTUAL AND PROCEDURAL BACKGROUND**

4        Plaintiff is a dentist whose license to practice dentistry was suspended by the Washington

5   Department of Health ("DOH") in 2022. On October 2, 2024, Plaintiff, proceeding pro se, filed

6   a complaint in this Court. (Dkt. No. 1.) Plaintiff's complaint contains several causes of action,

7   all of which relate to the events surrounding his dental license suspension.

8        Relevant here, Plaintiff brings a claim against the Spokane County Defendants and

9   numerous other Defendants pursuant to 42 U.S.C. § 1983. (*Id.* at 16–20.) Plaintiff asserts

10   Defendants "did knowingly and intentionally file and record reports containing false and

11   defamatory information and charges" against him. (*Id.* at 18.) Plaintiff contends these reports

12   led to the loss of his dental practice and future employment opportunities, causing significant

13   financial and emotional harm. (*Id.* at 19.) Plaintiff argues Defendants' actions constitute

14   "malicious prosecution under Section 1983." (*Id.*) Plaintiff alleges Defendant Spokane County

15   Sheriff's Department "through its officers, engaged in actions that contributed to the violations

16   outlined in this complaint." (*Id.* at 5.) Plaintiff further alleges Spokane Sheriff's Deputy Daniel

17   Moman "participated in the wrongful acts against the plaintiff, including the filing of false police

18   reports and the deprivation of plaintiff's rights under the "color of law." (*Id.*)

19        Plaintiff also brings a claim for "Defamation (Libel) and False Light" against KREM-2

20   News, arguing that KREM-2 reported on health advisories concerning Plaintiff's practice issued

21   by DOH and the Spokane Regional Health District ("SRHD"). (*Id.* at 23.) Plaintiff contends the

22   advisories were based on an "altered inspection report" and falsely alleged that Plaintiff's

23   unsanitary practices exposed his patients to serious infectious diseases such as hepatitis and HIV.

24

1    (*Id.*)  Plaintiff argues that KREM-2's reporting of these allegedly false advisories caused

2    significant damage to his reputation, professional standing, and his ability to obtain licensure in

3    another state.  (*Id.* at 23–24.)

4        On November 12, 2024, Spokane County Defendants filed a motion to dismiss pursuant

5    to Rule 12(b)(6), arguing Plaintiff has failed to allege any non-conclusory facts establishing a

6    cognizable legal theory against them.  (Dkt. No. 11 at 1–2.)  Spokane County Defendants argue

7    Plaintiff's complaint is entirely focused on actions taken against Plaintiff by the DOH and/or the

8    Dentistry Commission with respect to his professional license and the media reports related to

9    those actions, and that the complaint offers no explanation of how Spokane County Defendants

10   could be responsible for either.  (*Id.* at 2.)  Spokane County Defendants further argue they have

11   no authority to suspend, revoke, or otherwise affect the licensure of dentists, and that Plaintiff's

12   complaint contains no allegations concerning which supposedly false facts were contained in

13   reports filed by Deputy Moman, nor does it support the claim that the State's disciplinary action

14   against Plaintiff's license was in any way affected by such reports.  (*Id.* at 5.)

15       On December 20, 2024, KREM-2 News Defendants filed a motion to dismiss pursuant to

16   UPEPA, arguing their reporting of official statements such as the public health advisories

17   concerning Plaintiff's dental practice cannot form the basis for a defamation claim under

18   Washington law.  (Dkt. No. 17.)  Alternatively, KREM-2 News Defendants ask the Court to

19   dismiss Plaintiff's claims against them pursuant to Rule 12(c).  (*Id.*)  KREM-2 News Defendants

20   also seek attorney fees under UPEPA.  (*Id.*)

21       Plaintiff did not respond to either motion.

22

23

24

## II.    DISCUSSION

The Court must address Plaintiff's failure to respond to either of the motions to dismiss filed by the parties.  "Parties have an obligation to respond to motions."  *Patel v. City of Los Angeles*, 791 F. App'x 688, 689 (9th Cir. 2020).  A party's failure to timely oppose a motion to dismiss "may be considered . . . as an admission that the motion has merit."  Local Civil Rule 7(b)(2); *see also Rendon v. County of Orange*, 2022 WL 16832810, at *1 (9th Cir. Nov. 9, 2022) ("A district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court rules and orders is well-established").

Prior to granting a motion to dismiss on this basis, however, "the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (internal citation and quotation omitted).

"There is a significant public interest in the speedy and efficient resolution of litigation and 'delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process.'"  *Hewitt v. Wells Fargo Bank*, Case No. 3:22-cv-05729-DGE, 2022 WL 17144728, at *2 (W.D. Wash. Nov. 22, 2022) (quoting *In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)).  Moreover, the Court's limited resources "are best spent on cases with a strong chance of resulting in relief," and Plaintiff's failure to respond to the motions to dismiss indicates "a lack of belief in [the] merits" of this case.  *Solorio v. Garland*, Case No. C21-1068 RSL-TLF, 2021 WL 5967939, at *1 (W.D. Wash. Dec. 1, 2021).  As such, the first

two factors favor dismissal.  The third factor also favors dismissal, as unreasonable delay is presumed prejudicial.  *Hewitt*, 2022 WL 17144728, at *2.

Regarding the fourth factor, Plaintiff has failed to participate in these proceedings by not offering any opposition to the present motions to dismiss.  It, therefore, is impossible to reach a disposition of the case on the merits.[1]

With respect to the fifth factor, "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *PPA Prods. Liab. Litig.*, 460 F.3d at 1229.  Here, the Court notes that on January 13, 2025, attorneys for KREM-2 News Defendants sent Plaintiff a letter via email and overnight mail informing him that his response to their motion to dismiss was due on January 10, 2025.  (Dkt. No. 23.)  KREM-2 News Defendants advised Plaintiff that it was reserving "all rights with respect to your failure to file a timely response to the motion, including without limitation that you have waived your right to oppose it, and that any response filed at this point is prejudicial and/or should be disregarded." (*Id.*)  On January 16, 2025, Plaintiff responded to the letter via email, stating he was "available Jan 24-28", but did not address the motion to dismiss.  (*Id.*)  Plaintiff was alerted to his failure to respond, and was made aware of the potential consequences of that failure.  Despite this, Plaintiff has not responded to either motion to dismiss, nor has he asked for an extension of time to file a response or taken any other action to move this case forward.  As such, the fifth factor also weighs in favor of dismissal.[2]

---

[1] The Court will note, however, that the motions to dismiss raise serious concerns about the validity of the claims asserted.

[2] The Court notes that Plaintiff has raised many of the causes of action contained in his present complaint before, in a case brought in the United States District Court for the Southern District of Florida.  *Montano v. Washington State Department of Health et al*, Case No. 1:23-cv-23903-JB.  Plaintiff's previous complaint also sought relief against the Spokane County and KREM-2 News Defendants.  In that case, the Florida court informed Plaintiff of the need for pro se

1    Finding four of the five *Ghazali* factors warrant dismissal, the Court GRANTS the

2    motions to dismiss.  (Dkt. Nos. 11, 17.)  Plaintiff is ordered to show cause, no later than 7 days

3    from the date of this order, why his remaining causes of action should not be dismissed for

4    failure to prosecute.  KREM-2 News Defendants shall file their motion for attorney fees within

5    14 days of this order.

6    Dated this 11th day of February, 2025.

7

8

9    David G. Estudillo
     United States District Judge

10

11

12

13

14

15

16

17

18

19

---

20    litigants to respond to dispositive motions, which can result in the dismissal of a case, "within the
21    time prescribed by the rules of procedure." (*Id.* at Dkt. No. 41.)  The Florida court dismissed
      Plaintiff's causes of action against the KREM-2 News Defendants, in part because he failed to
22    identify any defamatory statement made by Defendants. (*Id.* at Dkt. Nos. 70 at 21; 71.)
      Notably, the Florida court dismissed Plaintiff's complaint without prejudice on July 15, 2024
23    because he failed to comply with a court order to file an amended complaint no later than July 8,
      2024. (*Id.* at Dkt. No. 76.)  Plaintiff is aware that his failure to comply with court rules and
24    orders may result in adverse consequences, including dismissal of his complaint.

ORDER ON MOTIONS TO DISMISS (DKT. NOS. 11, 17) - 6