UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDY FLETCHER MONTANO, | CASE NO. 3:24-cv-05850-DGE |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECUSAL (DKT. NO. 32) |
| STATE OF WASHINGTON DEPARTMENT OF HEALTH et al., | |
| Defendants. | |

Presently before the Court is a motion for recusal filed by Plaintiff Sandy Fletcher Montano. (Dkt. No. 32.) The Court DENIES Plaintiff's motion and, pursuant to Local Civil Rule 3(f), directs the clerk to "refer [the motion] to the active judge with the highest seniority" in this district.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL

ORDER DENYING MOTION FOR RECUSAL (DKT. NO. 32) - 1

1 | 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

2 | Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a

3 | reasonable person with knowledge of all the facts would conclude that the judge's impartiality

4 | might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

5 | This is an objective inquiry concerned with whether there is the appearance of bias, not whether

6 | there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

7 |     Plaintiff asks the undersigned to recuse himself due to unspecified evidence "detailing

8 | prior unethical and/or illegal conduct or conduct which gives [Plaintiff] a solid pretext to believe

9 | [the undersigned] cannot hear [this case] in a fair and impartial manner." (Dkt. No. 32 at 3.)

10 | Plaintiff asks the undersigned to recuse himself due to a "lack of impartiality" and deliberate

11 | violations of the personal liberties of other litigants or behavior "inconsistent with that which is

12 | needed for full, fair, and impartial hearings." (*Id.*)

13 |     Plaintiff cites no specific conduct by the undersigned that would support his allegations.

14 | The Court notes that at a scheduling hearing held on February 21, 2025, Plaintiff expressed

15 | dissatisfaction with the Court as the Court was attempting to explain the status of the case, and

16 | ultimately self-terminated his participation in the hearing. (Dkt. No. 31.) However, Plaintiff's

17 | dissatisfaction with the Court does not provide a basis for recusal. *United States v. Azhocar*, 581

18 | F.2d 735, 739 (9th Cir. 1978) (finding there was "no merit to [a party's] claim of bias based on

19 | adverse rulings"); *Hayes v. U.S. Probation and Pretrial Services*, 2022 WL 494889, at *1

20 | (affirming denial of recusal when the movant "[p]resent[ed] no evidence of bias from an

21 | extrajudicial source"); *United States v. Arant*, 2007 WL 3348443, at *1 (W.D. Wash. Nov. 9,

22 | 2007) (instructing that "[a] litigant cannot . . . use the recusal process to remove a judge based on

23 | adverse rulings").

24 |

ORDER DENYING MOTION FOR RECUSAL (DKT. NO. 32) - 2

Ultimately, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Ct. for the Central Dist. Of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (internal quotation and citation omitted). Plaintiff has not provided a legitimate reason to recuse. The Court therefore DENIES Plaintiff's motion for recusal and directs the Clerk to refer the motion to United States District Judge Tana Lin, the active judge with the highest seniority.

Dated this 28th day of February, 2025.

David G. Estudillo
United States District Judge