UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDY FLETCHER MONTANO,<br><br>    Plaintiff,<br>    v.<br><br>STATE OF WASHINGTON DEPARTMENT OF HEALTH *et al.*,<br><br>    Defendants. | CASE NO. 3:24-cv-05850-DGE<br><br>ORDER ON MOTION TO RECUSE |

This matter is before the Court on Plaintiff Sandy Fletcher Montano's motion to recuse Chief Judge David Estudillo (Dkt. No. 32) and Judge Estudillo's order denying and referring the motion to recuse (Dkt. No. 41). Having reviewed Mr. Montano's motion, Judge Estudillo's order denying the recusal request, and the relevant record, the Court AFFIRMS Judge Estudillo's order denying the motion to recuse.

//

//

## I. BACKGROUND

On February 25, 2025, Mr. Montano filed a motion to recuse Judge David Estudillo (Dkt. No.32). On February 28, 2025, Judge Estudillo declined to voluntarily recuse and referred the motion to this Court for decision. Dkt. No. 41 at 1, 3.

## II. LEGAL STANDARD

Local Civil Rule ("LCR") (3)(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, the judge must direct the court clerk to refer the motion to the chief judge for their review. *Id.* If the motion is directed at the chief judge, or if the chief judge (or their designee) is unavailable, the clerk must refer the motion to the active judge with the highest seniority. *Id.*

28 U.S.C. § 455(a) provides that judges of the United States "shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." The statute further provides that judges must recuse "[w]here [they have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Similarly, 28 U.S.C. § 144 requires recusal when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." The standard for recusal under both statutes is the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal citation omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal citation omitted); *see also Liteky v. United States*, 510

U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion.") (internal citation omitted).

### III.  DISCUSSION

As an initial matter, this motion is before this Court because Chief Judge David Estudillo referred the motion pursuant to Local Civil Rule 3(f). Dkt. No. 41 at 1, 3.

Plaintiff moves to recuse Judge Estudillo:

> on the basis of a lack of impartiality to this matter and, thereby has created a conflict of interest in this matter [sic]. The above-mentioned Judge has deliberately violated other litigants' personal liberties in the past and/or has wantonly refused to provide due process and equal protection to all litigants before the court or has behaved in a manner inconsistent with that which is needed for full, fair, and impartial hearings.

Dkt. No. 32 at 3. This statement is the entirety of the reason given by Plaintiff for his request. As Judge Estudillo points out in his order denying Plaintiff's request, Plaintiff makes his request based on unspecified evidence and with no citations to specific conduct supporting his allegations for the Court to consider.

The Court agrees with Judge Estudillo's decision to not recuse himself. Dkt. No. 41. Having provided nothing but a conclusory statement, Plaintiff has not met his burden to provide a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. Here, Plaintiff has provided no information from which "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *McTiernan*, 695 F.3d at 891.

//

//

//

## IV. CONCLUSION

Having considered Mr. Montano's arguments in support of recusal and finding them without merit, this Court AFFIRMS Judge Estudillo's order denying Mr. Montano's motion to recuse.

Dated this 3rd day of March 2025.

Tana Lin
United States District Judge