UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDY FLETCHER MONTANO,

Plaintiff,

v.

STATE OF WASHINGTON DEPARTMENT OF HEALTH et al.,

Defendants.

CASE NO. 3:24-cv-05850-DGE

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 33)

Presently before the Court is KREM-2 News Defendants' motion for attorney fees. (Dkt. No. 33.) For the reasons discussed below Defendants' motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2024, Defendants TEGNA Inc. and King Broadcasting Co., doing business as Spokane television station KREM-2, and journalist Patrick Henkels ( "KREM-2 News Defendants") filed a special motion for expedited relief pursuant to Washington's Uniform Public Expression and Protection Act ("UPEPA"), arguing their reporting of official statements such as the public health advisories concerning Plaintiff's dental practice cannot form the basis

for a defamation claim under Washington law. (Dkt. No. 17.) Plaintiff did not respond to KREM-2 News Defendants' motion. On February 11, 2025, the Court granted Defendants' motion to dismiss due to Plaintiff's failure to prosecute. (Dkt. No. 24.) In its order, the Court directed Defendants to file any motion for attorney fees pursuant to UPEPA with 14 days. (*Id.* at 6.)

On February 25, 2025, Defendants filed their motion for attorney fees. (Dkt. No. 33.) Defendants seek a total fee award of **$71,838.43**, which includes the work done by their attorneys preparing the motion for expedited relief, the motion for attorney fees, and the reply in support of the fee motion. (Dkt. No. 47.)

## II. LEGAL STANDARD

On a special motion for expedited relief filed pursuant to UPEPA, the Court "shall award court costs, reasonable attorneys' fees, and reasonable litigation expenses related to the motion . . . [t]o the moving party if the moving party prevails on the motion[.]" Wash. Rev. Code § 4.105.090(1). Plaintiff does not dispute that Defendants prevailed on their motion.

Having determined that Defendants are entitled to recover fees, the Court must now determine whether the fees sought are reasonable. The lodestar method is "the default principle for fee calculation in Washington." *See Brand v. Dep't of Labor & Indus.*, 989 P.2d 1111, 1119 (Wash. 1999). Washington law presumes a properly calculated lodestar figure represents reasonable compensation for counsel. *Henningsen v. Worldcom, Inc.*, 9 P.3d 948, 959 (Wash. Ct. App. 2000). The lodestar method multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).

## III. DISCUSSION

### A. Reasonableness of Hourly Rates

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 866, 895 n.11 (1984).

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The court may also rely on its own knowledge and experience in determining what rates are reasonable. *See Salyer v. Hotels.com GP, LLC*, Case No. C13-1966-RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

In support of their motion, Defendants submitted declarations from attorney Eric M. Stahl, a partner at the firm of Davis Wright Tremaine LLP ("DWT") and Brian Fanning, Senior Director of Revenue and Profitability at DWT. (Dkt. Nos. 34, 35.) Stahl is an attorney with 27 years of experience representing media and entertainment clients. (Dkt. No. 34 at 2.) Stahl's rate was $910 per hour in 2024, and $1,000 per hour in 2025. (*Id.*) Another DWT attorney who worked on the case, Shontee M. Pant, has been a media litigation associate at the firm since 2022. (*Id.*) Pant is a 2020 graduate of Washington University in St. Louis School of Law, and

clerked for Judge James B. Loken of the United States Court of Appeals for the Eighth Circuit and for Judge Wilhelmina M. Wright of the United States District Court for the District of Minnesota. (*Id.*) Pant's rate was $590 per hour in 2024 and $650 per hour in 2025. (*Id.*) DWT paralegal Ericka Mitterndorfer also worked on the case. (*Id.*) Mitterndorfer earned her paralegal certificate from Edmonds Community College in 1996 and holds a bachelor's degree from the University of Washington. (*Id.*) Mitterndorfer has over 25 years of litigation experience, and her rate for 2024 was $460 an hour. (*Id.*)

According to Fanning, based on the most recent annual survey data compiled by one of the "Big Four" accounting firms, the billing rates for DWT attorneys and paralegals was "generally at or below the median of the range of 19 other large firms with litigation practices and either headquarters or branch offices in Seattle and reflective of rates that are localized to the Puget Sound legal market." (Dkt. No. 35 at 2.) Fanning further asserted the rates charged by the attorneys and paralegals in this case were below the median peer rates for comparable attorneys and paralegals in the Seattle market. (*Id.* at 2–3.)

Plaintiff contends the rates requested by Defendants' attorneys and support staff are unreasonably high. (Dkt. No. 45.) Plaintiff argues the rates requested by attorneys Stahl and Pant are "far above the prevailing market rates in Seattle for attorneys of comparable experience and expertise in similar UPEPA litigation." (*Id.* at 2.) Plaintiff contends that "numerous" cases in this district demonstrate that a reasonable hourly rate for attorneys with similar experience to Stahl and Pant would be somewhere between $400 and $600 per hour. (*Id.*) Plaintiff further asserts that a reasonable rate for a Seattle-based paralegal of Mitterndorfer's experience would

be somewhere between $75 and $125 per hour.[1] (*Id.*) While Plaintiff references "numerous" cases that support his position, he does not cite these cases in his motion, and the Court finds Defendants have submitted sufficient evidence to establish the reasonableness of their hourly rates. Moreover, this Court has recently approved rates similar to those requested by Defendants in UPEPA cases. *See Project Veritas v. Leland Stanford Junior Univ.*, Case No. C21-1326 TSZ, 2022 WL 3103827, at *1 (W.D. Wash. Aug. 4, 2022) (approving rates ranging from $553.50 per hour to $891.00 per hour.)

**B. Reasonableness of Hours Worked**

When submitting a motion for attorney fees, a prevailing party may submit records containing entries for hours that are "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Plaintiff does not contend the hours worked in this case were excessive, and in reviewing the billing records submitted by DWT in connection with its motion, the Court did not find any entries that should clearly be excluded from Defendants' fee award.

---

[1] Plaintiff also argues the Court should deny Defendants' motion for attorney fees because the amount sought by Defendants "is not only unfair but also practically impossible" for Plaintiff to pay. (Dkt. No. 45 at 2–3.) Plaintiff contends that given his inability to pay, it would be "fundamentally unjust" to award Defendants attorney fees in the amount sought. (*Id.* at 3.) In certain circumstances, courts have considered a non-moving party's financial status when evaluating a motion for attorney fees. *See, e.g., Faraci v. Hickey-Freeman Co.*, 607 F.2d 1025, 1028 (2d Cir. 1979) ("[B]ecause fee awards are at bottom an equitable matter . . . courts should not hesitate to take the relative wealth of the parties into account.") However, a party asking the Court to consider his inability to pay must provide adequate evidence of his financial status. *See Hann v. Anderson*, Case No. 5:20-cv-00756-MCS (SP), 2022 WL 19793955 at *3 (C.D. Cal. Jul. 20, 2022) (finding, in a case involving a pro se plaintiff's where defendant prevailed on an anti-SLAPP special motion, that plaintiff's arguments concerning his inability to pay attorney fees needed to supported by evidence, such "as a declaration setting forth his gross income, his net income, his monthly expenses, his assets, or any other information which . . . would lend support to his position.") (internal citation omitted). Plaintiff is not proceeding in forma pauperis, and has not submitted any information about his financial status.

## IV. ORDER

Defendants' motion for attorney fees (Dkt. No. 33) is GRANTED. Defendants' total fee award shall be **$71,838.43**.

Dated this 19th day of May, 2025.

David G. Estudillo
United States District Judge