1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| SANDY FLETCHER MONTANO, | CASE NO. 3:24-cv-05850-DGE |
| Plaintiff, | ORDER ON PENDING MOTIONS (DKT. NOS. 26, 27, 28, 29, 30) |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF HEALTH et al., | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24

Presently before the Court are five motions (Dkt. Nos. 26, 27, 28, 29, 30) filed by Plaintiff Sandy Fletcher Montano.  For the reasons discussed below, Plaintiff's motions are DENIED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 2024, Defendants Spokane County Sheriff's Office and Spokane Sheriff's Deputy Daniel Moman ("Spokane County Defendants") filed a motion to dismiss pursuant to Rule 12(b)(6).  (Dkt. No. 11 at 1–2.)  On December 20, 2024,  Defendants TEGNA Inc. and King Broadcasting Co., doing business as Spokane television station KREM-2, and

journalist Patrick Henkels ( "KREM-2 News Defendants") filed a special motion for expedited relief pursuant to Washington's Uniform Public Expression Protection Act ("UPEPA").  (Dkt. No. 17.)

On January 13, 2025, attorneys for KREM-2 News Defendants sent Plaintiff a letter via email and overnight mail informing him that his response to their motion to dismiss was due on January 10, 2025.  (Dkt. No. 23.)  KREM-2 News Defendants advised Plaintiff that it was reserving "all rights with respect to your failure to file a timely response to the motion, including without limitation that you have waived your right to oppose it, and that any response filed at this point is prejudicial and/or should be disregarded." (*Id.*)  On January 16, 2025, Plaintiff responded to the letter via email, stating he was "available Jan 24-28," but did not address the motion to dismiss.  (*Id.*)

Plaintiff did not respond to either motion.  On February 11, 2025, the Court granted both motions to dismiss due to Plaintiff's failure to respond.  (Dkt. No. 24.)  On February 18, 2025, Plaintiff filed five motions with the Court, seeking various forms of relief.  (Dkt. Nos. 26, 27, 28, 29, 30.)

## II.    DISCUSSION

### A.  Motion to Show Cause (Dkt. No. 26)

Plaintiff asserts he failed to respond to the motions to dismiss because he did not receive notice of the motions due to a change of address.  (Dkt. No. 26 at 4.)  Plaintiff contends he was unaware of the proper procedure for updating his address with the Court and only became aware of the motions to dismiss once the deadline for responding to them had passed.  (*Id.*)  Plaintiff requests additional time to respond to Defendants' motions to dismiss.  (*Id.*)  While Plaintiff's

motion is styled as a "Motion to Show Cause," the Court construes it as a motion for reconsideration of the Court's order (Dkt. No. 24) granting Defendants' motions to dismiss.

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

The Court will not reconsider its order granting Defendants' motions to dismiss. Plaintiff was responsible for updating the Clerk's Office with his current address. *See* Local Civil Rule 10(f). Plaintiff was aware of at least one of the pending motions to dismiss no later than January 16, 2025, but elected not to react to the motions until February 12, 2025, the day after the Court granted Defendants' motions to dismiss. Moreover, as explained in the Court's order, Plaintiff was aware, after litigating this case in another jurisdiction (*see Montano v. Washington State Department of Health et al*, Case No. 1:23-cv-23903-JB (S.D. Fla. 2023)) that failure to comply with court rules and orders could result in adverse consequences, including dismissal of his complaint.

While the Court will not reconsider its order, the Court does find it appropriate, in the interests of judicial efficiency and finality, to address Defendants' motions to dismiss on the merits.

1. Spokane County Defendants' Motion to Dismiss (Dkt. No. 11)

Spokane County Defendants sought dismissal of Plaintiff's claims because Plaintiff failed to allege non-conclusory facts establishing a cognizable legal theory against them. (Dkt. No. 11 at 1–2.) Spokane County Defendants asserted that, with two perfunctory exceptions, Plaintiff's complaint does not mention them at all, and is instead entirely focused on disciplinary actions taken against Plaintiff by the Washington State Department of Health and/or the Dentistry Commission with respect to his professional license and media reports regarding those actions. (*Id.* at 2.) Spokane County Defendants contend that Plaintiff's complaint offers no explanation concerning how they could be responsible for the loss of Plaintiff's professional license or the publication of media reports concerning that loss. (*Id.*)

Federal Rule of Civil Procedure 12(b)(6) motions to dismiss may be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Here, the facts alleged against the Spokane County Defendants are contained in two paragraphs of his complaint:

> 10. Defendant: Spokane County Sheriff's Department, a law enforcement agency within Spokane County, Washington. The Sheriff's Department,

through its officers, engaged in actions that contributed to the violations outlined in this complaint.

11. Defendant: Deputy Sheriff Daniel Moman, a deputy sheriff employed by the Spokane County Sheriff's Department. Deputy Moman participated in the wrongful acts against the plaintiff, including the filing of false police reports and the deprivation of plaintiff's rights under the "color of law."

(Dkt. No. 1 at 5.)

Plaintiff's complaint appears to assert one cause of action against Spokane County Defendants pursuant to 42 U.S.C. § 1983. (*Id.* at 16.) Plaintiff does not allege any specific conduct by Spokane County Defendants, but asserts generally that they and the other Defendants "did knowingly and intentionally file and record reports containing false and defamatory information and charges against the plaintiff." (*Id.* at 18.) Plaintiff further alleges these "false defamatory reports" led to Plaintiff's "loss of his dental practice and future employment opportunities, causing significant financial and emotional harm." (*Id.* at 18–19.) Plaintiff characterized Defendants' actions as "malicious prosecution under Section 1983." (*Id.* at 19.)

Spokane County Defendants argue Plaintiff has set forth no non-conclusory allegations connecting them to the suspension of Plaintiff's professional license or the loss of his dental practice, and contend they have no legal authority to suspend, revoke, or otherwise affect the licensure of dentists. (Dkt. No. 11 at 5.) Spokane County Defendants further contend Plaintiff's complaint contains no allegations concerning "what supposedly false facts were contained in reports filed by Deputy Moman, nor supporting the claim that the State's disciplinary action against Plaintiff's license was in any way affected by such reports." (*Id.*)

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or

laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in a civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the allegations in Plaintiff's complaint against Spokane County Defendants are vague and conclusory, and set forth no facts about the alleged police reports or their contents. Moreover, as Defendants correctly note, the alleged reports are not included with the supporting documents attached to Plaintiff's complaint, nor is it clear what, if any, role Defendants played in the course of events that led to the suspension of Plaintiff's license. To the extent Plaintiff asserts a cause of action against Sheriff's Deputy Daniel Moman, Plaintiff has not plead facts establishing Deputy Moman's personal involvement in any deprivation of Plaintiff's constitutional rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

To the extent Plaintiff asserts a cause of action against the Spokane County Sheriff's Office, "[w]hile local governments may be sued under [42 U.S.C.] § 1983, they cannot be held vicariously liable for their employees' constitutional violations." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). Instead, to state a § 1983 claim against a municipality, a plaintiff must allege facts to support a reasonable inference that the execution of a policy, custom, or practice of the municipality was the "moving force" behind a deprivation of his

1    constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–692 (1978). Plaintiff has

2    not alleged the existence of any such policy, custom, or practice on the part of the Spokane

3    County Sheriff's Office.

4        Thus, in addition to dismissing Plaintiff's claims against the Spokane County Defendants

5    for failure to respond to their motion to dismiss, Plaintiff's complaint failed to state a claim and

6    was properly dismissed.

7        2.  KREM-2 News Defendants' Motion to Dismiss (Dkt. No. 17)

8        KREM-2 News Defendants filed a special motion for expedited relief pursuant to

9    UPEPA, seeking dismissal of Plaintiff's defamation claim against them. (Dkt. No. 17 at 7.)

10       Washington State designed UPEPA, its anti-SLAPP (strategic lawsuit against public

11   participation) law, "to protect important public speech from frivolous litigation by providing a

12   procedural scheme that disposes of such cases early and swiftly in the litigation life cycle."

13   *Thurman v. Cowles Company*, 562 P.3d 777, 778–779 (Wash. 2025). Under UPEPA, parties

14   who are served with a pleading asserting a covered cause of action can file a "special motion for

15   expedited relief." *Id.* at 779; Wash. Rev. Code § 4.105.020. A "covered cause of action" is an

16   action brought against a party based on the person's exercise of the constitutional right of

17   freedom of speech or of the press on a matter of public concern. *Id.*; Wash. Rev. Code

18   § 4.105.010(2)(c).

19       "It is the moving party's burden to establish that UPEPA applies to the cause of action."

20   *Jha v. Khan*, 520 P.3d 470, 477 (Wash. Ct. App. 2022) (citing Wash. Rev. Code

21   § 4.105.060(1)(a)). "Once the moving party has satisfied this requirement, the burden shifts to

22   the responding party to establish that a statutory exception applies." *Id.* (citing Wash. Rev. Code

23

24

§ 4.105.060(1)(b).  If the responding party does not demonstrate that an exception applies, the trial court must dismiss the action with prejudice if either:

> (i) The responding party fails to establish a prima facie case as to each essential element of the cause of action; or
>
> (ii) The moving party establishes that:
>
>> (A) The responding party failed to state a cause of action upon which relief can be granted; or
>>
>> (B) There is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the cause of action or part of the cause of action.

*Id*. (citing Wash. Rev. Code § 4.105.060(1)).

### a.  *Matter of Public Concern*

KREM-2 News Defendants argue their reporting in this case was on a matter of significant public concern, namely public health and Plaintiff's patients' potential exposure to serious infectious diseases.  (Dkt. No. 17 at 14.)  Reporting on public health advisories issued by governmental authorities such as the Spokane Regional Health District ("SRHD") and the Washington Department of Health certainly qualifies as an exercise of freedom of the press on a matter of public concern for purposes of the statute.  *N.Y. Studio, Inc. v. Better Bus. Bureau of Alaska, Or., & W. Wash.*, Case No. 3:11–cv–05012–RBL, 2011 WL 2414452, at *4 (W.D. Wash. June 13, 2011) (granting special motion to strike under previous version of Washington anti-SLAPP law and holding press release from the Better Business Bureau urging consumers to be cautious of talent auditions was a matter of public concern "because it was a general caution to consumers."); *AR Pillow Inc. v. Maxwell Payton, LLC*, Case No. No. C11–1962RAJ, 2012 WL 6024765, at *5 (W.D. Wash. Dec. 4, 2012) (granting anti-SLAPP motion and dismissing claims based on critical online review warning of issues with infant health and safety products).

1
   *b. Statutory Exceptions*

2
   Plaintiff did not respond to Defendants' motion, and thus does not allege that any of

3
UPEPA's twelve statutory exceptions apply in this case.  *See* Wash. Rev. Code

4
§ 4.105.010(3)(a).

5
   *c. Plaintiff's Complaint Fails to State a Claim*

6
   KREM-2 News Defendants contend Plaintiff cannot meet his burden to establish a prima

7
facie case of defamation, and contends Plaintiff's claim against KREM-2 News fails as a matter

8
of law.  (Dkt. No. 17 at 15.)  To establish a prima facie defamation claim under Washington law,

9
a plaintiff must show: (1) that the defendant's statement was false, (2) that the statement was

10
unprivileged, (3) that the defendant was at fault, and (4) that the statement proximately caused

11
damages.  *M.G. v. Bainbridge Island School District #303*, 566 P.3d 132, 147 (Wash. Ct. App.

12
2025).

13
      i. <u>Falsity of Defendants' Statement</u>

14
   Defendants argue that Plaintiff's complaint fails to identify the false statement upon

15
which his defamation claim is based.  (Dkt. No. 17 at 16.)  Defendants contend the complaint

16
references a "KREM Report," but identifies it only with a website address that links to an error

17
page.[1]  (*Id.*)  Defendants further contends that Plaintiff's complaint does not reference a single

18
false or defamatory statement in any story published by KREM-2 News.  (*Id.* at 16–17.)

19

20
_____

[1] While the link contained in Plaintiff's complaint does not appear to be operative, a story
21
published by KREM-2 News was published on its website on June 22, 2022, and is presently
available at the following web address: https://www.krem.com/video/news/local/spokane-
22
county-spokane-county-dentist-suspended-for-violating-multiple-sanitation-and-infection-
control-requirements/293-a73dfb22-beaa-4ed4-9770-2cbd6bd98fb7.  Defendants argue,
23
persuasively, that to the extent the alleged defamatory statements were contained in KREM-2
News' June 22, 2022 report, Plaintiff's defamation claim is barred by Washington's two year
24
statute of limitations on such claims.  *See* Wash. Rev. Code § 4.16.100.

1    Here, Plaintiff's complaint does not set forth any specific false or defamatory statements

2    contained in KREM-2 News' reporting.[2]  *Flowers v. Carville*, 310 F.3d 1118, 1131 (9th Cir.

3    2002) (finding a defamation claim was sufficiently plead when plaintiff "list[ed] the precise

4    statements alleged to be false and defamatory, who made them and when."); *Harris v. City of*

5    *Seattle*, 315 F. Supp. 2d 1112, 1123 (W.D. Wash. 2004) (finding a defamation claim was *not*

6    sufficiently plead when plaintiff did not specify specific defamatory statements by Defendants

7    and alleged the existence of "fabricated stories" without stating what the substance of those

8    "stories" were or when they occurred).

9    In failing to assert the existence of a false statement by KREM-2 News Defendants,

10   Plaintiff has failed to set forth a prima facie case of defamation, and UPEPA requires dismissal

11   of Plaintiff's claims with prejudice.

12                          ii.   Whether Defendants' Statements Were Privileged

13   KREM-2 News Defendants further contend that Plaintiff's defamation claim concerning

14   their reporting fails because the fair report privilege applies to all of KREM-2 News'

15   publications about Plaintiff.  (Dkt. No. 17 at 17.)  "Certain privileges shield a speaker from

16   liability for defamation and false light, regardless of the truth or falsity of the statement."  *Khan*,

17   520 P.3d at 482.  Under Washington law, the fair reporting privilege provides that a defendant's

18   statements are privileged when the defendant is "reporting on defamatory statements contained

19   in official proceedings and records."  *Id.*

20

21

22   _____

     [2] Defendants further argue that Plaintiff's prior federal case against KREM-2 News contained the

23   same pleading defect.  (Dkt. No. 17 at 17.); *Montano v. Washington State Department of Health*
     *et al,* Case No. 1:23-cv-23903-JB (S.D. Fla. 2023) Dkt. No. 70 at 23 (recommending dismissal

24   because Plaintiff's complaint "fail[ed] to identify with specificity the allegedly defamatory
     statement(s)").

1    "The fair reporting privilege applies where the communication is attributed properly to an

2    official proceeding and the report is an accurate report of that proceeding or a fair abridgement."

3    *Alpine Indus. Computs., Inc. v. Cowles Publ'g Co.*, 57 P.3d 1178, 1186 (Wash. Ct. App. 2002).

4    "The fair reporting privilege may protect the publisher even if the publisher does not believe

5    defamatory statements contained in the official report to be true or even knows the defamatory

6    statements to be false." *Id.*

7         KREM-2 News Defendants argue their reports on the public health advisories concerning

8    Plaintiff's dental practice qualify for the fair report privilege because they relied upon, and cited

9    as their source, statements issued by the Washington Department of Health and the SRHD. (Dkt.

10   No. 17 at 19.) KREM-2 News Defendants contend their reporting "accurately and fairly

11   abridged the official actions announced by public officials—that Plaintiff was suspended from

12   practicing dentistry in 2022, and that in 2024 officials advised his patients to be tested for

13   potential infectious diseases." (*Id.*)

14        Based on the evidence presented to the Court (Dkt. Nos. 18, 19), KREM-2 News'

15   reporting concerning Plaintiff's 2022 suspension and the 2024 health advisory relied upon and

16   accurately cited public statements issued by the Washington Department of Health and the

17   SRHD. Accordingly, the Court finds the fair report privilege applies to KREM-2 News'

18   reporting concerning Plaintiff, and that Plaintiff has therefore failed to establish the first two

19   elements of a prima facie defamation claim.[3]

20

21   [3] To the extent Plaintiff asserts a false light claim (Dkt. No. 1 at 20), any such claim fails for the
     same reasons as his defamation claim. "False light differs from defamation in that it focuses on

22   compensation for mental suffering, rather than reputation." *Corey v. Pierce Cty.*, 225 P.3d 367,
     373 (Wash. Ct. App. 2010). Nevertheless, "like defamation, false light claims require a showing

23   of falsity and knowledge of, or reckless disregard for that falsity." *Id.* "A false light claim arises
     when 'someone publicizes a matter that places another in a false light if (a) the false light would

24   be highly offensive to a reasonable person and (b) the actor knew of or recklessly disregarded the

Plaintiff's defamation claim against KREM-2 News Defendants was properly DISMISSED based on Plaintiff's previous failure to respond and is now DISMISSED with prejudice.

### B. Motion to Stay Proceedings, Request Appointment of Counsel, and Update Address (Dkt. No. 27)

Plaintiff's next motion (Dkt. No. 27) seeks three forms of relief.

First, Plaintiff seeks a stay of proceedings in this case "until all primary Defendants have responded to discovery and the Court appoints counsel." (*Id.* at 1.) Plaintiff argues Defendants have not complied with discovery requests and that a stay is necessary "to prevent undue prejudice and ensure that all necessary parties participate before legal proceedings occur." (*Id.* at 2.) Plaintiff's motion does not identify which Defendants he believes have not responded to discovery, what discovery he is seeking, or why any discovery related disputes justify a stay of proceedings in this case. However, to the extent Plaintiff's motion refers to the issues raised in his Motion to Compel Discovery, Plaintiff's motion is DENIED.

Second, Plaintiff requests the Court appoint counsel to represent him. (*Id.* at 3.) Plaintiff contends this case involves complex issues, that he faces "government retaliation and suppression," and argues the discovery process has been deliberately obstructed by Defendants. (*Id.*) There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, pursuant to 28 U.S.C. § 1915(e)(1), a court may exercise discretion and request an attorney to represent "any person unable to afford counsel." Such discretion should only be exercised under "exceptional circumstances." *Agyeman v. Corrections*

---

falsity of the publication and the false light in which the other would be placed.' " *Id.* As discussed above, Plaintiff's complaint does not point to any specific false statement in KREM-2 News' reporting.

1   *Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether exceptional

2   circumstances exist, a court must consider: (1) a plaintiff's "likelihood of success on the merits"

3   and (2) whether he "is unable to articulate his claims in light of the complexity of the issues

4   involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Neither of these

5   considerations is dispositive and instead must be viewed together. *Palmer*, 560 F.3d at 970.

6     For the reasons discussed in this and other orders, the Court finds there is little merit to

7   Plaintiff's claims based on the current record; in particular, the claim against the KREM-2 News

8   Defendants have been dismissed with prejudice. Plaintiff also does appear capable of

9   articulating his claims, and there appear to be no exceptional circumstances that would justify the

10  appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

11    Third, Plaintiff requests the Court update the address on record "to ensure that all future

12  communications are correctly delivered and to prevent miscommunications in the proceedings."

13  (*Id.* at 4.) The Clerk's Office has already updated Plaintiff's address in the Court's electronic

14  filing system to the address identified in Plaintiff's motion. Accordingly, Plaintiff's motion is

15  DENIED as moot.

16    **C. Motion to Compel Discovery (Dkt. No. 28)**

17    Plaintiff argues Defendants have failed to comply with their discovery obligations by

18  providing "vague and incomplete responses regarding key facts and individuals relevant to this

19  case." (Dkt. No. 28 at 1.) Plaintiff seeks discovery, largely in the form of interrogatories and

20  requests for production, from numerous parties, including the SRHD, the KREM-2 News

21  Defendants, the Spokane County Sheriff's Office, and the Washington State Department of

22  Health. (*Id.* at 2–5.)

23

24

1    In response, the KREM-2 News Defendants and the Spokane County Defendants assert

2    that Plaintiff did not serve any discovery requests upon them.  (Dkt. Nos. 42 at 3; 43 at 4–5.)

3    SRHD similarly contends that Plaintiff has not submitted a discovery request for the information

4    identified in the motion.  (Dkt. No. 36 at 5–6.)  SRHD contends Plaintiff did not make a good

5    faith attempt to meet and confer about any discovery disputes before filing his motion.  (*Id.*)

6    On notice to other parties and all affected persons, a party may move for an order

7    compelling disclosure or discovery.  Federal Rule of Civil Procedure 37(a)(1).  The motion must

8    include "a certification that the movant has in good faith conferred or attempted to confer with

9    the person or party failing to make disclosure or discovery in an effort to obtain it without court

10   action."  *Id.*  "If the movant fails to include such a certification, the court may deny the motion

11   without addressing the merits of the dispute."  Local Civil Rule 37(a)(1).  Here, it appears

12   Plaintiff did not even serve discovery requests upon Defendants, let alone confer with them

13   concerning any discovery related disputes.  SRHD informed Plaintiff about the requirement for

14   parties to meet and confer prior to filing a motion to compel, but Plaintiff did not respond.  (Dkt.

15   No. 38.)

16   Moreover, the claims against the Spokane County Defendants and the KREM-2 News

17   Defendants have been dismissed.

18   Accordingly, Plaintiff's motion is DENIED.

19   **D.  Motion to Respond (Dkt. No. 29)**

20   Plaintiff's next motion, titled "Motion to Respond ECF defendants initial disclosure"

21   does not appear to be a motion as such, but merely informs the Court that Plaintiff intends to file

22   a Motion to Compel, a Motion to Stay, and a request for the Court to update his address.  (Dkt.

23

24

No. 29.)  Plaintiff's motion briefly re-states the reasoning behind his motions.  (*Id.*)  For the reasons identified above, Plaintiff's motion is DENIED.

### E.  Motion for Extension, Appointment of Counsel, and Judgment in Favor of Plaintiff (Dkt. No. 30)

Finally, Plaintiff seeks "[a]n extension of all deadlines to allow proper compliance with court procedures in light of Defendants' failure to appear." (Dkt. No. 30 at 1.)  Plaintiff further seeks judgment in his favor "due to Defendants' failure to appear at the court-ordered January 27, 2025, meeting, amounting to non-compliance and waiver of procedural rights."  (*Id.* at 2.)  Plaintiff also seeks an order "waiving the sovereign immunity of the Washington State Defendants due to their failure to appear[.]"  (*Id.*)

The meeting to which Plaintiff refers appears to be the conference held pursuant to Federal Rule of Civil Procedure 26(f) on January 29, 2025.  (Dkt. No. 25 at 2.)  Plaintiff contends that Defendant Heather Vincent, and other Defendants associated with the Washington Department of Health, failed to appear at the conference.  (Dkt. No. 30 at 2.)  As discussed in more detail in the Court's order on Washington State Defendants' motion to dismiss[4], it appears the Washington State Defendants were not present at the Rule 26(f) conference because they were not properly served pursuant to Federal Rule of Civil Procedure 4.  As such, Plaintiff's motion is DENIED.[5]

### III.    ORDER

---

[4] The Court notes that Plaintiff has failed to respond to Defendants' motion to dismiss.

[5] Plaintiff's motion also re-asserts his request for the Court to appoint counsel, which the Court denies for the reasons identified above.

ORDER ON PENDING MOTIONS (DKT. NOS. 26, 27, 28, 29, 30) - 15

Plaintiff's motions (Dkt. Nos. 26, 27, 28, 29, 30) are DENIED.  Plaintiff's claims against Spokane County Defendants are DISMISSED and Plaintiffs' claims against KREM-2 News Defendants are DISMISSED with prejudice.


Dated this 19th day of May, 2025.


David G. Estudillo
United States District Judge