UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDY FLETCHER MONTANO,<br><br>Plaintiff,<br>v.<br><br>STATE OF WASHINGTON DEPARTMENT OF HEALTH et al.,<br><br>Defendants. | CASE NO. 3:24-cv-05850-DGE<br><br>ORDER ON WASHINGTON STATE DEFENDANTS' MOTION TO DISMISS (DKT. NO. 40) |

Presently before the Court is a motion to dismiss filed by Defendants Washington State Department of Health, Clark A. Wisswell, Erin Obenland, Lydia Koroma, Dr. David Carsten, John Kuntz, and the Washington State Board of Health ("Washington State Defendants"). (Dkt. No. 40.) For the reasons discussed below Defendants' motion is GRANTED.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On February 28, 2025, Washington State Defendants filed a motion to dismiss Plaintiff's claims on various grounds. (Dkt. No. 40.) Plaintiff did not respond to the motion, despite responding to other motions over the past several months. On March 25, 2025, Washington

1  State Defendants filed a reply brief (Dkt. No. 49), noting that under the Court's local rules,

2  Plaintiff's failure to respond to timely oppose a motion to dismiss "may be considered . . . as an

3  admission that the motion has merit." Local Civil Rule 7(b)(2). Washington State Defendants

4  further noted the Court's discretion to dismiss Plaintiff's complaint for failure to comply with the

5  Court's rules. (Dkt. No. 49 at 2.)

## II. DISCUSSION

### A. Failure to Effect Service

Washington State Defendants argue Plaintiff's claims against them should be dismissed because Plaintiff failed to effect proper service pursuant to Federal Rule of Civil Procedure 4. (Dkt. No. 40 at 3–5.) Pursuant to Federal R. Civ. P. 4 (j)(2) a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Under Washington law, for actions and claims against the State, service of summons and complaint shall be served in the manner prescribed by law upon the attorney general, or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general. Wash. Rev. Code § 4.92.020.

As for service against the individually named State Defendants, Fed. R. Civ. P. 4(e) provides that they may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the
    individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of
    abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or
    by law to receive service of process.

  Washington State Defendants argue Plaintiff did not follow the proper procedure for service on the State of Washington or its agencies, instead filing proof of service for each State Defendant individually; each proof of service appears to indicate Plaintiff obtained substituted service on a person named "Alicia Huizar" at the Washington State Department of Health on October 15, 2024.[1] (*Id.* at 3.) Washington State Defendants similarly argue that delivery of summons to Alicia Huizar does not meet the requirements for service upon the individually named State Defendants. (*Id.* at 4.) In delivering summons to an unidentified individual at the Washington Department of Health, Plaintiff has not effected proper service upon the Washington State Department of Health, the Washington State Board of Health, or the individually named Defendants in the manner prescribed by Rule 4.

  Under Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows "good cause" for the failure, the court must extend the time for service for an

---

[1] Washington State Defendants note that Plaintiff filed proof of service for several other individuals by serving Alicia Huizar at the Washington State Department of Health: Charles Villegas, Malenna Palmer, Jamie Decker, Brooklyn Kennedy, and Heather Geigle. (Dkt. No. 10.) As Defendants correctly note, these individuals are not employed by the Washington Department of Health, and according to Plaintiff's complaint, several of them appear to be Plaintiff's former employees. These parties are not represented by counsel, and it does not appear that they have been properly served. Accordingly, for the reasons discussed in Section II.A of this order, Plaintiff's claims against these Defendants are DISMISSED.

appropriate period.  Plaintiff filed his complaint on October 2, 2024, and far more than 90 days have passed without proper service being effected upon Washington State Defendants. Furthermore, Plaintiff has not responded to Defendants' motion to dismiss or otherwise set forth good cause for failure to serve Defendants in a timely manner.

Accordingly, the Court finds dismissal of all claims against Washington State Defendants without prejudice.

### III.    ORDER

Washington State Defendants' motion to dismiss (Dkt. No. 40) is GRANTED.  Plaintiff's claims against Defendants Washington State Department of Health, Clark A. Wisswell, Erin Obenland, Lydia Koroma, Dr. David Carsten, John Kuntz, and the Washington State Board of Health are DISMISSED without prejudice.

Similarly, for the reasons identified above, Plaintiff's claims against Defendants Charles Villegas, Malenna Palmer, Jamie Decker, Brooklyn Kennedy, and Heather Geigle are also DISMISSED without prejudice.

Dated this 19th day of May, 2025.

David G. Estudillo
United States District Judge