UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDY FLETCHER MONTANO,<br><br>    Plaintiff,<br>    v.<br><br>STATE OF WASHINGTON DEPARTMENT OF HEALTH et al.,<br><br>    Defendants. | CASE NO. 3:24-cv-05850-DGE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 71) |

Before the Court is Plaintiff Sandy Fletcher Montano's motion for reconsideration of the Court's order dismissing his claims against defendant Heather Vincent.  (Dkt. No. 71.)

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  LCR 7(h)(1).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Under Local Civil Rule 7(h)(2) a motion for reconsideration shall be filed "within fourteen days after the order to which it relates is filed." The Court's order dismissing Plaintiff's claims against Vincent was filed on August 6, 2025. (Dkt. No. 70.) Plaintiff's motion was filed on August 25, 2025, and is therefore untimely. (Dkt. No. 71.)

However, even if Plaintiff's motion was timely, he has not demonstrated manifest error in the Court's order. Instead, Plaintiff argues he misinterpreted the Court's instructions, leading to a delay in filing a motion for default judgment. (*Id.*) The Court's instructions were clear. On May 29, 2025, the Court issued an order noting that it had not dismissed claims against Defendant Heather Vincent, who has not appeared in this matter, and directed Plaintiff to file a motion for default against Vincent, if he chose to do so, no later than June 19, 2025. (Dkt. No. 56.) In the same order, the Court instructed Plaintiff to file a motion for default judgment no later than 21 days after the Clerk's office granted the motion for default. (*Id.* at 2.) The Court informed Plaintiff in its order that failure to move for default and default judgment by these deadlines would result in dismissal of Plaintiff's claims against Vincent for failure to prosecute. (*Id.*)

Plaintiff filed a motion for default against Vincent on June 17, 2025 (Dkt. No. 60), which the Clerk's office granted on June 24, 2025 (Dkt. No. 66.) Based on the Court's prior order, the

deadline for Plaintiff to file his motion for default judgment was July 15, 2025.  After this deadline passed, the Court issued an order on July 18, 2025 directing Plaintiff to file a motion for default judgment against Vincent no later than August 1, 2025 or the Court would dismiss his claims against Vincent.  (Dkt. No. 69.)  Plaintiff did not file a motion for default judgment by this deadline, and the Court dismissed his claims against Vincent on August 6, 2025.  (Dkt. No. 70.)

Plaintiff's motion for reconsideration (Dkt. No. 71) is DENIED.

Dated this 26th day of August, 2025.

David G. Estudillo
United States District Judge