UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDY FLETCHER MONTANO,<br><br>              Plaintiff,<br>     v.<br><br>STATE OF WASHINGTON DEPARTMENT OF HEALTH et al.,<br><br>              Defendants. | CASE NO. 3:24-cv-05850-DGE<br><br>ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT (DKT. NO. 74) |

Before the Court is Plaintiff Sandy Fletcher Montano's motion to enter final judgment with respect to two of the orders issued by the Court on May 19, 2025.  (Dkt. No. 74.)  First, Plaintiff asks the Court to direct entry of final judgment with respect to its order (Dkt. No. 51) granting the KREM-2 News Defendants' motion for attorney fees.  Second, Plaintiff asks the Court to enter final judgment with respect to its order (Dkt. No. 52) denying five of Plaintiff's motions and dismissing Plaintiff's claims against the Spokane County Defendants and the KREM-2 News Defendants.  On June 16, 2025, Plaintiff filed a Notice that he was appealing both orders to the Ninth Circuit.  (Dkt. No. 61.)

On June 24, 2025, following the dismissal of Plaintiff's claims against the KREM-2 News Defendants with prejudice, the Court entered final judgment in favor of the KREM-2 News Defendants in the amount of $71,838.43.[1]  (Dkt. No. 67.)  On September 26, 2025, the Ninth Circuit issued an order finding it lacked jurisdiction over Plaintiff's appeal because the May 19, 2025 orders challenged in the notice of appeal were not final or immediately appealable.  (Dkt. No. 73.)  On October 15, 2025, Plaintiff filed the instant motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), which provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Plaintiff argues his claims against the KREM-2 News Defendants involve different legal theories and evidence from those he asserted against the Washington State Department of Health, which means the risk of duplicative appeals is avoided.[2]  (Dkt. No. 74 at 2.)  Plaintiff contends there is no just reason for delay because "[i]mmediate appeal is necessary to prevent irreparable harm from the garnishment order tied to these dismissals." (*Id.*)

On October 30, 2025, the KREM-2 News Defendants filed a response to Plaintiff's motion. (Dkt. No. 77.)  While taking no position on whether the Court should enter final

---

[1] The Court's entry of final judgment with respect to the KREM-2 News Defendants does not constitute an entry of final judgment pursuant to Rule 54(b).  A district court's dismissal order is not final or immediately appealable under 28 U.S.C. § 1291 "unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b)." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008).  The Court has not disposed of all claims as to all parties in this case.  To enter final judgment under Rule 54(b), the Court must make an express determination that there is no just reason for delay, which it has not yet done.

[2] Plaintiff's motion incorrectly asserts that his claims against the Washington State Department of Health remain pending.  (Dkt. No. 74 at 2.)  The Court dismissed Plaintiff's claims against the Department of Health without prejudice on May 19, 2025.  (Dkt. No. 53.)

ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT (DKT. NO. 74) - 2

1  judgment, the KREM-2 News Defendants argue the Court should not rely on Plaintiff's
2  unsupported assertions regarding financial hardship when assessing whether there is no just
3  reason for delay.  (*Id.* at 1.)  The KREM-2 News Defendants assert that, contrary to Plaintiff's
4  representations, they have not obtained a garnishment order against Plaintiff or otherwise
5  attempted to execute the judgment in their favor.  (*Id.* at 3.)

6  The Spokane County Defendants also filed a response to Plaintiff's motion.  (Dkt. No.
7  78.)  The Spokane County Defendants argue the motion should be denied because it is unclear
8  which aspects of the Court's orders Plaintiff seeks to appeal.  (*Id.* at 3–4.)  The Spokane County
9  Defendants contend that, despite Plaintiff's assertion, one of the orders he seeks to certify
10 dismisses claims against multiple Defendants.  (*Id.* at 4.)

11 "[I]n the interest of judicial economy Rule 54(b) should be used sparingly."  *Gausvik v.*
12 *Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004).  Judgements under Rule 54(b) are reserved "for
13 the unusual case in which the costs and risks of multiplying the number of proceedings and of
14 overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early
15 and separate judgment as to some claims or parties."  *Morrison-Knudsen Co. v. Archer*, 655 F.2d
16 962, 965 (9th Cir. 1981).

17 Here, the Court questions whether there is a pressing need for an entry of final judgment
18 with respect to the orders identified in Plaintiff's motion.  First, the interests of judicial economy
19 do not support piecemeal litigation where the claims all arise from the same basic facts.  Second,
20 Plaintiff's primary concern appears to be the Court's order granting the KREM-2 News
21 Defendants' motion for attorney fees.  The Court acknowledges the large sum of the fee award
22 and the fact that the award is accruing interest at the rate of 12% per annum.  (*See* Dkt. No. 67.)
23 Nevertheless, Plaintiff has presented no evidence of the garnishment order cited in his motion,
24

nor has he presented any evidence that the KREM-2 News Defendants are presently attempting to collect on the judgment in their favor.  Further, while Plaintiff cites financial hardship as a reason for the Court to grant his motion, he presents no evidence concerning his financial circumstances[3] beyond a brief declaration that the Court's orders "have caused financial harm via garnishment." (Dkt. No. 75.)

Accordingly, Plaintiff's motion (Dkt. No. 74) is DENIED without prejudice.

Dated this 10th day of November, 2025.

David G. Estudillo
United States District Judge

---

[3] Plaintiff previously cited his financial circumstances in opposing the KREM-2 News Defendants' motion for attorney fees.  (Dkt. No. 45 at 2–3.)  Plaintiff did not provide any details about his financial status at that time.