UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDY FLETCHER MONTANO,

Plaintiff,

v.

STATE OF WASHINGTON DEPARTMENT OF HEALTH et al.,

Defendants.

CASE NO. 3:24-cv-05850-DGE

ORDER ON MOTION TO VACATE JUDGMENT (DKT. NO. 87)

Before the Court is Plaintiff Sandy Fletcher Montano's[1] motion to vacate the Court's judgment in favor of Defendants TEGNA Inc. and King Broadcasting Co., doing business as Spokane television station KREM-2, and journalist Patrick Henkels ( "KREM-2 News Defendants"). (Dkt. No. 87.) For the reasons discussed below, Plaintiff's motion is DENIED.

[1] KREM-2 News Defendants note Plaintiff legally changed his name from Sandy Fletcher Montano to Sidney Solomon Moritz on February 5, 2024, nearly eight months before he initiated this action. (Dkt. No. 90 at 2 n. 1.) Plaintiff acknowledges he now goes by the name Sidney Solomon Moritz. (Dkt. No. 93 at 2.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2025, the Court granted KREM-2 News Defendants' special motion for expedited relief pursuant to Washington's Uniform Public Expression Protection Act ("UPEPA") and dismissed Plaintiff's defamation claim against them with prejudice.[2] (Dkt. No. 52.) The same day, the Court granted KREM-2 News Defendants' motion for attorney fees. (Dkt. No. 51.) On June 16, 2025, Plaintiff filed a Notice of Appeal with the Ninth Circuit seeking review of the Court's orders. (Dkt. No. 61.) On September 26, 2025, the Ninth Circuit dismissed Plaintiff's appeal of the orders, finding it lacked jurisdiction because the orders challenged in the Notice of Appeal were not final or immediately appealable. (Dkt. No. 73.) On October 15, 2025, Plaintiff filed a motion asking the Court to enter final judgment with respect to the two orders issued by the Court on May 19, 2025. (Dkt. No. 74.) On November 10, 2025, the Court denied Plaintiff's motion. (Dkt. No. 79.)

On May 18, 2026, Plaintiff filed a motion to vacate the Court's May 19, 2025 order[3] pursuant to Federal Rules of Civil Procedure 60(b)(2), 60(b)(3) and 60(b)(6). (Dkt. No. 87.) Defendants have filed responses to Plaintiff's motion.[4] (Dkt. Nos. 89, 90, 92.)

## II. LEGAL STANDARD

[2] On June 24, 2025, the Court entered final judgment in favor of KREM-2 News Defendants. (Dkt. No. 67.)

[3] Plaintiff's motion asks the Court to vacate its "judgment" but actually seeks to vacate the Court's May 19, 2025 order granting KREM-2 News Defendants' motion for attorney fees. (*See* Dkt. Nos. 87 at 6, 9; 87-6 at 2.) Plaintiff may also be seeking relief from the Court's order granting KREM-2 News Defendants' UPEPA motion.

[4] Spokane County and Washington State Defendants take no position regarding Plaintiff's motion seeking relief from the Court's orders granting KREM-2 News Defendants' motions. (Dkt. Nos. 89, 92.)

Federal Rule of Civil Procedure 60(b) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding." Specifically, Rule 60(b)(2) covers "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Following the plain text, the rule "require[s] reasonable diligence, without exceptions." *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1215 (9th Cir. 2024). Relief under Rule 60(b)(2) "is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.,* 833 F.2d 208, 211 (9th Cir.1987)). Further, "[e]vidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." *Coastal Transfer*, 833 F.2d at 212.

Rule 60(b)(3) covers "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To obtain relief under the Rule, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Further, "Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Id.* (quoting *In re M/V*

*Peacock,* 809 F.2d 1403, 1405 (9th Cir. 1987)). Application of Rule 60(b)(3) is committed to the district court's discretion. *See id.*[5]

Under Rule 60(b)(6), a court may relieve a party from final judgment for "any other reason that justifies relief." The Ninth Circuit has stated that "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (internal citations and quotations omitted). Rule 60(b)(6) is available only when Rules 60(b)(1) through (b)(5) are inapplicable. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988).

## III. DISCUSSION

### A. Rule 60(b)(2)

Plaintiff contends the public health advisories the KREM-2 News Defendants reported upon "were substantially grounded in a declaration executed by Heather Geigle,[6] D.D.S., dated April 22, 2022, in Apopka, Florida." (Dkt. No. 87 at 4.) Plaintiff argues relief is warranted because of newly discovered evidence that this declaration "on which the Washington State Department of Health and the Spokane Regional Health District public health advisories — and in turn the KREM-2 reporting — substantially rested is legally void and tainted by material misrepresentation." (*Id.* at 1–2.) Plaintiff contends this evidence indicates Geigle "appears not to have held a Florida dental license and appears not to have held a Florida Dental Expert

---

[5] Under Rule 60(c), a motion under Rule 60(b) (1), (2), or (3) must be made "no more than a year after the entry of judgment or order or date of the proceeding." That requirement is satisfied here.

[6] The Court dismissed Plaintiff's claims against Geigle on May 19, 2025 for failure to effect proper service. (Dkt. No. 53.)

Witness Certificate under § 466.005 at the time she executed her declaration[.]" (*Id.* at 4.) Plaintiff argues this is a "credentialing defect" that undermines "the legal validity and evidentiary reliability of the declaration itself[.]" (*Id.*) Plaintiff argues this evidence "is the subject of formal complaints" under review by authorities in Florida. (*Id.* at 5.)

Plaintiff argues Geigle's declaration "reveals a fundamental misrepresentation that taints the integrity of the prior proceedings." (*Id.*) Plaintiff claims Geigle "admits her conclusions were not based on independent inspection, but rather on secondhand materials presented to her, including statements from Charles Villegas." (*Id.*) Plaintiff claims there is "[d]ocumentary evidence" that Villegas "was incarcerated in state penitentiary on March 25, 2022, nearly a month before Dr. Geigle executed her declaration[.]" (*Id.*) Plaintiff argues that "[p]resenting expert conclusions to a federal court built entirely upon unverified statements from an incarcerated witness, while omitting the witness's status and absolute lack of physical access to Plaintiff's clinic, constitutes a material misrepresentation and fraud upon this Court." (*Id.* at 5–6.) Plaintiff argues the official statements upon which KREM-2 News Defendants reported rested on public health advisories which were themselves grounded in Geigle's declaration. (*Id.* at 6.) Plaintiff contends these "credentialing and evidentiary reliability questions" are documented in "the Florida MQA Complaint No. 202647687, the Florida Department of Law Enforcement filing of April 14, 2026, and the Washington State court records for Case No. 22-1-00073-7[.]" (*Id.* at 6–7.)

Plaintiff contends this evidence meets the requirements for relief under Rule 60(b)(2). Plaintiff argues the Florida filings post-date the Court's May 19, 2025 order by nearly a year. (*Id.* at 7.) Plaintiff argues the Washington State court records regarding Villegas "became material to this matter only upon the credentialing-related review that followed the Florida

filings." (*Id.*) Plaintiff asserts he exercised reasonable diligence in discovering this evidence because Geigle's "credentialing concern" was "identified only after the Florida Department of Health's MQA Division opened Complaint No. 202647687[.]" (*Id.* at 8.) Plaintiff asserts the evidence is material and not duplicative. (*Id.*)

The new evidence relied upon by Plaintiff consists of two complaints filed by Plaintiff[7] with the Florida government agencies on April 14, 2026. (Dkt. No. 87-2.) Plaintiff's first complaint asks the Florida Department of Health to investigate Geigle for executing a sworn declaration in a Washington State Dental Quality Assurance Commission proceeding "from Florida soil, without any Florida dental licensure or expert witness authority." (*Id.* at 2–13.) Plaintiff's second complaint asks the Florida Department of Law Enforcement to investigate Geigle for various alleged criminal offenses, including "Perjury, False Official Statements, Scheme to Defraud, Unlicensed Practice of Dentistry, Unauthorized Expert Witness Practice, and Conspiracy Originating on Florida Soil." (*Id.* at 14–26.) Plaintiff has also submitted what he claims is a record of Villegas's criminal convictions (Dkt. No. 87-3), messages Plaintiff sent to KREM-2 News via Facebook Messenger on June 24, 2022 (Dkt. No. 87-4) and photographs taken by Plaintiff of the KREM-2 News station in Spokane, Washington (Dkt. No. 87-5).

KREM-2 News Defendants argue the evidence cited by Plaintiff was "not merely available to him, but actually known to him and relied on by him in prior proceedings dating back to 2022." (Dkt. No. 90 at 1.) KREM-2 News Defendants argue the Geigle declaration was served on Plaintiff on June 22, 2022, nearly four years ago. (*Id.* at 5.) KREM-2 News

[7] The complaints were filed under Plaintiff's new legal name, "Dr. Sidney Solomon Moritz, D.D.S." (Dkt. No. 87-2 at 2, 14.)

Defendants argue Plaintiff has been making allegations concerning Villegas since 2022. (*Id.* at 5–6.)

In his reply, Plaintiff concedes he was aware of the evidence concerning Geigle and Villegas in 2022. (Dkt. No. 93 at 2.) Reformulating, Plaintiff argues the newly discovered evidence relevant to his motion actually stems from action taken by Spokane resident Christian Dale Robinson, who saw the September 18, 2024 KREM-2 News broadcast concerning Plaintiff's dental practice and filed a complaint with the Florida Department of Health the next day. (*Id.* at 1.) Plaintiff contends Robison's complaint led the Florida Department of Health to file an administrative complaint against him, and that the newly discovered evidence that supports his motion is "the January 16, 2026 Administrative Complaint and the formal interstate disciplinary action it represents[.]" (*Id.* at 2.)

First, Plaintiff's argument concerning the January 2026 administrative complaint was presented for the first time in his reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in a . . . reply brief are generally deemed waived.").

Second, the Court questions whether the administrative complaint, which was apparently filed after the order Plaintiff seeks to vacate, qualifies as "newly discovered evidence" for purposes of Rule 60(b). *Tribe v. United States Bureau of Reclamation*, 319 F. Supp. 3d 1168, 1176 (N.D. Cal. 2018) (finding that "new reports and information that were developed after the date of the [dismissal order], [ ] may not be the basis of relief pursuant to Rule 60(b)(2)"); *Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (affirming

denial of a Rule 60(b) motion where the claimed "newly discovered evidence" pertained to "evidence that was not in existence at the time of the judgment.").

Third, even if the Court were to consider Plaintiff's argument and were to find that the evidence in question was newly discovered, the Court would still conclude that this evidence would not have changed the outcome of the proceedings which led to dismissal of Plaintiff's claims against the KREM-2 News Defendants. Even if the Court accepted as true Plaintiff's allegation concerning the new administrative complaint (which does not appear in the record), KREM-2 News Defendants would still have been entitled to dismissal as a matter of law because their defenses were unrelated to this new complaint, which did not exist when the Court issued its May 19, 2025 order. The Court dismissed Plaintiff's defamation claims against KREM-2 News Defendants because his complaint did not set forth any specific false or defamatory statements in KREM-2 News' reporting. (Dkt. No. 52 at 9–10.) The Court found that KREM-2 News Defendants' reporting was protected by the fair report privilege because it accurately reported Plaintiff's 2022 suspension and the 2024 health advisory statements issued by the Washington Department of Health and the Spokane Regional Health District. (*Id.* at 10–11.) Nothing about the allegedly new evidence Plaintiff cites alters the Court's prior findings. Accordingly, the Court finds no basis to grant Plaintiff relief based on Rule 60(b)(2).

**B. Rule 60(b)(3)**

In Plaintiff's reply, he withdraws his motion for relief under Rule 60(b)(3) with respect to KREM-2 News Defendants. (Dkt. No. 93 at 4–5.) Plaintiff identifies that his fraud allegations "concern the Geigle declaration and the Washington proceedings, which the KREM-2 Defendants neither procured nor relied upon." (*Id.* at 5.) Accordingly, the Court finds no basis to grant Plaintiff relief based on Rule 60(b)(3).

**C. Rule 60(b)(6)**

Because Plaintiff argues the Court's order should be vacated under Rule 60(b)(2), relief under Rule 60(b)(6) is not available. *Liljeberg*, 486 U.S. at 863 n.11. However, even if the Court were to consider the applicability of Rule 60(b)(6), the Court would find no extraordinary circumstances that justify granting relief under this provision.

## IV. ORDER

Plaintiff's motion to vacate (Dkt. No. 87) is DENIED.

Dated this 10th day of August, 2026.

David G. Estudillo
United States District Judge