UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDY FLETCHER MONTANO,<br><br>Plaintiff,<br>v.<br><br>STATE OF WASHINGTON DEPARTMENT OF HEALTH et al.,<br><br>Defendants. | CASE NO. 3:24-cv-05850-DGE<br><br>ORDER ON SPOKANE REGIONAL HEALTH DISTRICT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 88) |

Before the Court is Defendant Spokane Regional Health District's motion for summary judgment. (Dkt. No. 88.) For the reasons discussed below Defendant's motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the interest of judicial economy, the Court assumes familiarity with much of the factual and procedural background summarized in prior orders. On May 19, 2025, the Court issued two orders dismissing Plaintiff's claims against most of the defendants in this case. (Dkt. Nos. 52, 53.) On August 6, 2025, the Court dismissed Plaintiff's claims against defendant Heather Vincent (Dkt. No. 70), leaving the Spokane Regional Health District ("SRHD") as the

last remaining defendant in this case. On May 21, 2026, SRHD filed a motion for summary judgment. (Dkt. No. 88.) On June 3, 2026, Plaintiff filed a response to SRHD's motion. (Dkt. No. 92.) On June 11, 2026, SRHD filed a reply. (Dkt. No. 93.)

## II. LEGAL STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—in most civil cases, a preponderance of the evidence. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv. Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts

specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv. Inc.*, 809 F.2d at 630 (relying on *Anderson*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888–889 (1990).

## III. DISCUSSION

### A. Section 1983 Claim

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983, alleging SRHD and other Defendants deprived him of his "Fundamental Civil Rights" while acting under color of law. (Dkt. No. 1 at 16–17.) Plaintiff claims Defendants "used their official positions to discriminate against [him] based on his race and sexual orientation, in violation of the Equal Protection Clause of the Fourteenth Amendment." (*Id.* at 18.) Plaintiff alleges Defendants "knowingly and intentionally file[d] and record[ed] reports containing false and defamatory information and charges" against him with the goal of "harming [his] professional reputation and career." (*Id.*) Plaintiff contends these "false and defamatory reports" caused a "deprivation of his due process rights under the Fourteenth Amendment." (*Id.*) Plaintiff alleges SRHD and other Defendants violated his due process rights "by engaging in a retaliatory campaign against him, culminating in the wrongful suspension of his dental license." (*Id.* at 25.)

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). § 1983 is the appropriate avenue to remedy

an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in a civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

"Municipalities and other local governmental bodies are "persons" within the meaning of § 1983," but they "may not be held liable under § 1983 solely because [they] employ[] a tortfeasor." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). A municipality cannot be vicariously liable under § 1983 "solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978). Instead, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Brown*, 520 U.S. at 403.

SRHD argues Plaintiff's § 1983 claim should be dismissed because the Washington Department of Health's Dental Quality Assurance Commission ("DQAC") suspended Plaintiff's dental license, completely independent of SRHD. (Dkt. No. 88 at 3.) SRHD identifies it was not involved in the investigation of Plaintiff or his dental practices and did not participate in the State's disciplinary process or the decision to suspend Plaintiff's license. (*Id.*) SRHD notes that it has no statutory authority to investigate Plaintiff's dental practices or to suspend his license. (*Id.* at 4.) SRHD contends that its sole involvement here was "to be listed on the public health advisory as the local health jurisdiction." (*Id.* at 3.)

Plaintiff acknowledges SRHD did not suspend his license, but argues SRHD "published

false and unverified public health information that caused cascading, documented harm." (Dkt. No. 94 at 2.) Plaintiff contends a jury could conclude that SRHD "adopted and published the advisory, not merely that its name was passively included." (Dkt. No. 94 at 9.) Plaintiff argues there is a genuine dispute of material fact concerning whether SRHD had a "reasonable clinical basis" to publish an advisory identifying Plaintiff by name. (*Id.* at 12.) Plaintiff contends there is a genuine dispute concerning whether SRHD's reliance on information from the Washington Department of Health was reasonable. (*Id.* at 13.) Plaintiff argues there remains a dispute concerning "whether the advisory was materially misleading even if phrased in conditional terms." (*Id.*)

Plaintiff's complaint is unclear concerning which "right, privilege, or immunity secured by the Constitution or laws of the United States" SRHD violated. With respect to his due process claim, Plaintiff's complaint briefly mentions discrimination on the basis of race and sexual orientation and a "retaliatory campaign" conducted against him that culminated in the suspension of his dental license.[1] However, Plaintiff's response offers no commentary regarding any alleged discrimination based on race or sexual orientation and no facts indicating SRHD engaged in retaliatory behavior directed at Plaintiff. Instead, Plaintiff's response indicates that his claim involves SRHD's alleged failure to properly investigate facts underlying the public health advisory. Plaintiff appears to be asserting a claim for either negligence or possibly defamation, state law claims which are not cognizable under § 1983. § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v.*

[1] To the extent Plaintiff asserts a due process violation, Plaintiff appears to acknowledge SRHD had no role in the suspension of his license. (Dkt. No. 94 at 3.)

*McCollan*, 443 U.S. 137, 144 n. 3 (1979). "A claim for violation of state law is not cognizable under § 1983." *Smith v. City & County of Honolulu*, 887 F.3d 944, 952 (9th Cir. 2018) (internal citations omitted). Further, any state law claims against SRHD would be barred for the reasons discussed below. *See infra* Section III.B.

Plaintiff also argues that "government-imposed stigma can give rise to a § 1983 claim when it occurs 'in connection with' a cognizable deprivation of a protected interest." (Dkt. No. 94 at 16.) He vaguely claims, without citation to any specific evidence, that "tangible alterations of legal status," including Florida administrative action against his Florida dental license and "direct professional, credentialing, and reputational harm flow[] from a false government-published HIV exposure alert" which "SHRD published . . . using its statutory authority." (*Id.*) But nothing in the record indicates SHRD's public health advisory impacted Plaintiff's Florida dental licensing or his professional standing.[2]

Accordingly, SRHD's motion for summary judgment with respect to Plaintiff's § 1983 claim is GRANTED.[3]

**B. State Law Claims**

[2] Notably, Plaintiff asserts in a separate motion that a private Spokane resident initiated a complaint that led to a January 16, 2026 Florida "Administrative Complaint against Plaintiff's Florida license." (Dkt. No. 93 at 1.)

[3] SRHD also contends any Section 1983 claim is barred because Plaintiff already challenged the administrative decision regarding his license suspension in Thurston County Superior Court. (Dkt. No. 88 at 5–6.) SRHD contends the Superior Court dismissed Plaintiff's claim for failure to prosecute, and that the administrative decision is therefore final and precludes his claim in federal court. (*Id.* at 6.) Because Plaintiff has not asserted a cognizable § 1983 claim, the Court will not consider this argument. Moreover, Plaintiff's § 1983 claim against SRHD appears to suffer from a fundamental flaw; namely, Plaintiff fails to identify a municipal policy or custom that caused Plaintiff's injury such that SRHD, a local governmental body, can be held liable under § 1983. *See Brown*, 520 U.S. at 403.

SRHD asserts Plaintiff's remaining state law claims are barred because Plaintiff failed to file a pre-suit tort claim before initiating this action. (Dkt. No. 88 at 7–8.) SRHD asserts it is not a state agency or a part of Spokane County. (Dkt. No. 88 at 2–3.) SRHD identifies it is a special purpose district formed pursuant to Washington Revised Code § 70.46 for the purpose of "prevent[ing] disease and protect[ing] and promot[ing] the health of all people in Spokane County." (*Id.* at 2.) SRHD asserts it is a local government entity subject to liability for tortious conduct pursuant to Washington Revised Code §4.96.010.[4] (*Id.* at 7.)

SRHD notes that under § 4.96.010(1), "[f]iling a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages [against a local government entity]." Pursuant to § 4.96.020(2), "[a]ll claims for damages against a local governmental entity . . . shall be presented to the [entity's] agent within the applicable period of limitations within which an action must be commenced." A claim is deemed presented "when the claim form is delivered in person or is received by the agent by regular mail, registered mail, or certified mail, with return receipt requested, to the agent or other person designated to accept delivery at the agent's office." *Id.* § 4.96.020(3) explains that "all claims for damages must be presented on the standard tort claim form that is maintained by the office of risk management in the department of enterprise services" and describes what information must be included in the form. Under § 4.96.020(4) no action subject to these claim filing requirements of this "shall be commenced against any local governmental entity . . . for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has

---

[4] "Local government entity" means "a county, city, town, special district, municipal corporation as defined in RCW 39.50.010, quasi-municipal corporation, any joint municipal utility services authority, any entity created by public agencies under RCW 39.34.030, or public hospital." Wash. Rev. Code § 4.96.010(2)

first been presented to the agent of the governing body thereof." All of this means a "court must dismiss any action commenced in violation of a statutorily mandated claim filing condition precedent." *Westway Const., Inc. v. Benton Cty.*, 151 P.3d 1005, 1009 (Wash. Ct. App. 2006).

Plaintiff does not argue that he filed any pre-suit tort claims before initiating this action and appears to concede that his state law tort claims "may be barred absent compliance with the notice requirement." (Dkt. No. 94 at 15.)

There is no dispute of material fact; Plaintiff did not file a pre-suit tort claim before initiating this action against SRHD. Accordingly, all of Plaintiff's state law tort claims against SRHD are DISMISSED on summary judgment.

## IV. ORDER

SRHD's motion for summary judgment (Dkt. No. 88) is GRANTED. Plaintiff's claims against SRHD are DISMISSED with prejudice. The Clerk is directed to close this case.

Dated this 10th day of August, 2026.

David G. Estudillo
United States District Judge